**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WALGREEN CO., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WARNER CHILCOTT HOLDINGS CO. III, LTD., *et al.*,<br><br>　　　　　Defendants. | Civ. Action No.: 1:06-CV-00494-CKK<br><br>Judge Colleen Kollar-Kotelly |
| CVS PHARMACY, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WARNER CHILCOTT HOLDINGS CO. III, LTD., *et al.*,<br><br>　　　　　Defendants. | Civ. Action No.: 1:06-CV-00795-CKK<br><br>Judge Colleen Kollar-Kotelly |

**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE "NON-CLASS PLAINTIFFS' MEMORANDUM RESPONDING TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION"**

On May 21, 2007, plaintiffs in the above-captioned cases, *i.e.*, Ovcon purchasers that have affirmatively elected to ***opt out*** of the putative class of direct purchasers in *Meijer, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. Action No. 1:06-CV-02195-CKK ("*Meijer*") and to file their own non-class action lawsuits, filed a so-called "Memorandum Responding to Defendants' Opposition to Class Certification" ("Pls.' Mem." (*Walgreen Co., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. Action No. 1:06-CV-00494-CKK, D.E. # 58; *CVS Pharmacy, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. Action No.

1:06-CV-00795-CKK, D.E. # 57)) in the *Meijer* case. This "Memorandum" was filed at nearly the same time as the *Meijer* plaintiffs' reply brief in support of their pending motion for class certification; indeed, the *Meijer* and opt-out plaintiffs' memoranda were filed within fifteen minutes of each other. In their "Memorandum," the opt-out plaintiffs assert that Defendants' opposition brief to the *Meijer* plaintiffs' motion for class certification contains an "erroneous analysis of the so-called generic bypass phenomenon," an issue that the opt-out plaintiffs assert "need not be decided [by the Court] in order to decide class certification." (Pls.' Mem. at 1-2 (internal quotation marks omitted).) In other words, the *non*-class, opt-out plaintiffs in the *Walgreen* and *CVS Pharmacy* cases have attempted to file a supplemental brief that supports the *Meijer* plaintiffs' motion for class certification — a wholly separate case in which the opt-out plaintiffs acknowledge that they "have no direct interest." (Pls.' Mem. at 1.) As such, the opt-out plaintiffs' filing is highly prejudicial and improper. For this reason alone, their so-called "Memorandum Responding to Defendants' Opposition to Class Certification" should be stricken.

      The opt-out plaintiffs' "Memorandum" is not merely a prejudicial and improper attempt to supplement the *Meijer* plaintiffs' motion for class certification; it is also a misstatement of the arguments asserted by Defendants in opposition to class certification in the *Meijer* case. Specifically, in their "Memorandum," opt-out plaintiffs claim that, "according to Defendants, . . . ***no one*** can recover the monopoly profits unquestionably earned by Warner Chilcott and Barr" because "generic bypass" — the practice whereby retailers bypass their wholesaler upon the introduction of a generic product and purchase the newly introduced generic product directly from the manufacturer — is present. (Pls.' Mem. at 2 (emphasis in original).) Not surprisingly, nowhere in opt-out plaintiffs' "Memorandum" do they reference or cite a single page of Defendants' opposition brief to *Meijer* plaintiffs' motion for class certification in support of this

proposition. Defendants, in fact, did not assert such an argument. (*See generally* Defs.' Opp'n to Direct Purchaser Pls.' Mot. for Class Certification (*Meijer, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. Action No. 1:05-CV-02195-CKK, D.E. # 99).) Rather, in opposition to *Meijer* plaintiffs' motion for class certification, Defendants (and their expert, Dr. Brian Palmer, Ph.D.) demonstrated that substantial Ovcon purchases among the putative class would have not been converted to generic Ovcon purchases and that many putative class members would purchase no generic at all. (*Id.* at 19-20.) Therefore, determining impact among the putative (*Meijer*) class is highly individualized. (*Id.*) Moreover, Defendants demonstrated that generic bypass leads to substantially differing economic interests among the putative class thereby generating intra-class conflicts that render class certification inappropriate. (*Id.* at 39-41.) Opt-out plaintiffs' characterization of Defendants' arguments in the *Meijer* case to the contrary is simply false.

Opt-out plaintiffs thus construct a strawman simply to introduce *In re Relafen Antitrust Litig.*, 346 F. Supp. 2d 349 (D. Mass. 2004), and to pre-argue the merits of defenses or legal arguments.[1] (Pls.' Mem. at 3-5.) Opt-out plaintiffs' "Memorandum," therefore, is nothing short of an attempt to "jump the gun" and essentially brief and argue issues that have yet to be presented or addressed — by Defendants or otherwise — in the *Walgreen* and *CVS Pharmacy* cases. In short, opt-out plaintiffs' "Memorandum" is an improper request to this Court to pre-judge issues that have yet to be presented.

---

[1] Notably, the *Relafen* decision cited by opt-out plaintiffs has nothing to do with class certification or the issues described in Defendants' brief in opposition to *Meijer* plaintiffs' motion for class certification. Because this case has nothing to do with the class certification issues currently pending before the Court, Defendants will not address the merits of opt-out plaintiffs' premature (and incorrect) assertions of law at this time. Rather, Defendants will address opt-out plaintiffs' assertions in the context of summary judgment or at such other appropriate time to be determined by the Court.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that opt-out plaintiffs' "Memorandum Responding to Defendants' Opposition to Class Certification" (*Walgreen Co., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. Action No. 1:06-CV-00494-CKK, D.E. # 58; *CVS Pharmacy, Inc., et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.*, Civ. Action No. 1:06-CV-00795-CKK, D.E. # 57) be stricken.

Dated: May 24, 2007

Respectfully submitted,

    /s/
Karen N. Walker (D.C. Bar # 412137)
Mark L. Kovner (D.C. Bar # 430431)
Patrick M. Bryan (D.C. Bar # 490177)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (fax)

*Counsel for Barr Pharmaceuticals, Inc.*

    /s/
Peter C. Thomas (D.C. Bar # 495928)
Andrew M. Lacy (D.C. Bar # 496644)
SIMPSON THACHER & BARTLETT LLP
601 Pennsylvania Avenue, N.W.
North Building
Washington, DC 20004
(202) 220-7700
(202) 220-7702 (fax)

Charles E. Koob (*Pro Hac Vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
(212) 455-2502 (fax)

*Counsel for Warner Chilcott Holdings Co. III, Ltd., Warner Chilcott Corp., Warner Chilcott (US) Inc., and Warner Chilcott Co., Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2007, I caused a copy of *Defendants' Motion and Memorandum in Support of Motion to Strike "Non-Class Plaintiffs' Memorandum Responding to Defendants' Opposition to Class Certification* to be served via the Court's Electronic Filing Service upon the parties on the service list below.

                                                ___/s/_____
                                                Patrick M. Bryan

Robert D.W. Landon, III
Richard Alan Arnold
Scott E. Perwin
Lauren C. Ravkind
KENNY NACHWALTER P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
(305) 373-1000

Monica L. Rebuck
Steve D. Shadowen
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1713
(717) 364-1030