IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALGREEN CO. et al., | Civil Action No. 06-494 (CKK) |
| Plaintiffs, | |
| v. | |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., et al., | |
| Defendants. | |

| | |
|---|---|
| CVS PHARMACY, INC. et al., | Civil Action No. 06-795 (CKK) |
| Plaintiffs, | |
| v. | |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., et al., | |
| Defendants. | |

### NON-CLASS PLAINTIFFS' MEMORANDUM
### IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Plaintiffs in the *Walgreen* and *CVS Pharmacy* cases respectfully submit this memorandum in opposition to Defendants' Motion to Strike (D.E. 59 in Case No. 06-cv-494). Defendants' motion should be denied.

First, Plaintiffs' memorandum was procedurally proper. The *Walgreen* and *CVS Pharmacy* cases have been coordinated with the *Meijer* case for pretrial purposes. *See* Amended Case Management Order (June 30, 2006) at 3. Moreover, paragraph 9(a) of the Amended Case

Management Order permits "[r]eplies" to the motion for class certification in *Meijer* to be filed by "Direct Purchaser Plaintiffs"—a group that includes the *Walgreen* and *CVS Pharmacy* Plaintiffs. *Id.* ¶ 1(b) & Schedule B. Aside from the technical propriety of Plaintiffs' memorandum, Defendants do not dispute that the legal analysis of "generic bypass" is relevant to all three cases, nor do they contend that the Court should decide that issue without hearing from the non-class Plaintiffs. In fact, Defendants assert that the Court need not decide the issue in order to resolve the pending motion for class certification (Def. Mot. at 3), and we completely agree (Pl. Mem. at 1-2).

Second, contrary to Defendants' motion to strike, Defendants' memorandum in opposition to the class certification motion *did* advance the view that, when the circumstances of generic bypass are present, neither the wholesaler nor the retailer has been "overcharged." *See* Def. Opp'n to Class Cert. Mot. at 19 (evidence of generic bypass shows that "certain putative class members were not (commonly) impacted (*i.e.*, 'overcharged') by the absence of a generic Ovcon; indeed, some were not injured at all"). If the direct purchaser of branded Ovcon *was* injured (i.e., overcharged) on those "bypassed" units, as the court held in *In re Relafen Antitrust Litigation*, 346 F. Supp. 2d 349 (D. Mass. 2004), then Defendants' argument regarding "individualized impact" falls apart. We understand that Defendants have now abandoned this portion of their argument against class certification, and we commend them for doing so.

Thus, Plaintiffs' memorandum was both procedurally proper and responsive to a merits argument advanced by Defendants that, if accepted, would affect Plaintiffs in the *Walgreen* and *CVS Pharmacy* cases. Defendants' motion to strike should be denied.

Respectfully submitted,

Date: May 29, 2007

s/_____
Robert D.W. Landon III
Richard Alan Arnold
Scott E. Perwin
Lauren C. Ravkind
KENNY NACHWALTER, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
(305) 373-1000
(305) 372-1861

Steve D. Shadowen
Monica L. Rebuck
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1713
(717) 364-1030
(717) 364-1020

*Counsel for Plaintiffs*

298688.1