UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> WARNER CHILCOTT HOLDINGS ) <br> CO., III, LTD., *et al.*, ) <br> ) <br> Defendants. ) <br> _____) <br> WALGREEN CO., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WARNER CHILCOTT HOLDINGS ) <br> Co, III, LTD., *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 1:05-CV-2195 (CKK/AK) <br><br><br><br><br><br><br><br><br> Civil Action No. 1:06-CV-00494 (CKK/AK) |

<u>ORDER</u>

Upon consideration of Barr Pharmaceutical Inc.'s Motion to Compel Answers to Interrogatories and Production of Documents ("First Motion to Compel") [55/28] and Defendant Barr's Motion to Compel Answers to Interrogatories and the Production of Documents from Direct Purchaser Plaintiffs [115/69] ("Second Motion to Compel"), and the respective oppositions thereto and replies in support thereof, and for the reasons set forth in the accompanying Memorandum Opinion, it is this 21st day of September, 2007,

**ORDERED** that the Barr's First Motion to Compel is granted in part and deferred in part. The Court orders the parties to meet and confer for the purpose of discussing production of documents that will allow Barr to determine the applicability, if any, of the cost-plus exception.

The scope and format of these documents is to be determined by the parties, taking into account the Court's finding that Barr is entitled to receipt of information regarding the cost-plus exception, and also considering the availability of such information and the potential burden imposed on Plaintiffs. It is further

**ORDERED** that Barr's Second Motion to Compel is granted in part and denied in part. Plaintiffs will produce pricing and sales data for four (4) Combined Hormonal Contraceptives (other than Ovcon and its generic equivalents), to be selected by Barr, for a period of time beginning when the agreement between Warner-Chilcott and Barr became effective through the date when Balziva became available to the public. The format of such sales and pricing data shall be more specifically defined by the parties at a meet and confer, and the production of such data shall be made within 30 days thereafter. Barr demands that several individual Plaintiffs produce documents and data regarding Ovcom 35 and its generic equivalents, as summarized on Appendix A. Regarding Appendix A, the Court orders that in cases where Plaintiffs indicate that data will be produced or there is a question whether such documents exist, the Plaintiffs should undertake a good faith effort to obtain and convey these documents within 20 days from the date of this Order, or alternatively, to confirm that such information does not exist. In cases where the Plaintiffs have indicated that information requested is cumulative, they should identify the responsive information that has already been produced. Plaintiffs need not produce information that is not in their possession, custody or control.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE