**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD.*, et al.*,<br><br>    Defendants. | Civil Action No. 05–2179 (CKK) |
| STATE OF COLORADO, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD.*, et al.*,<br><br>    Defendants. | Civil Action No. 05–2182 (CKK) |
| MEIJER, INC.*, et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>WARNER CHILCOTT HOLDINGS<br>COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No. 05–2195 (CKK) |

| | |
|---|---|
| WALGREEN CO., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No. 06–494 (CKK) |
| CVS PHARMACY, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*,<br><br>    Defendants. | Civil Action No. 06–795 (CKK) |

**ORDER**
(October 1, 2007)

On September 28, 2007, the Federal Trade Commission and Barr Pharmaceuticals, Inc. filed a [134] Joint Motion to Stay Litigation, advising the Court that they had reached an agreement in principle to settle *Federal Trade Commission v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2179, and requesting that the Court stay the pending summary judgment briefing schedule in that matter. The Court is aware that a summary judgment briefing schedule is also pending in *State of Colorado, et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2182, and that the parties to the Direct Purchaser Actions (*Meijer v. Warner Chilcott Holdings Co. III, Ltd.*,

*et al.*, Civil Action No. 05-2195; *Walgreen Co., et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 06-494; and *Rite Aid Corp., et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 06-795) have requested to join that summary judgment briefing schedule. In the interest of avoiding duplicative filings, the Court shall vacate the currently pending summary judgment briefing schedule in *State of Colorado, et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2182, and shall set a common briefing schedule in that action and the Direct Purchaser Actions. The summary judgment briefing in *State of Colorado, et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2182, shall be limited to the federal law claims included in that action–if necessary following the Court's resolution of the initial motions for summary judgment, the Court will consider briefing on the state law claims included in *State of Colorado, et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2182.

Accordingly, it is this 1st day of October, 2007, hereby

**ORDERED** that the [134] Joint Motion to Stay Litigation in *Federal Trade Commission v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2179, is GRANTED; it is further

**ORDERED** that the pending summary judgment briefing schedule in *State of Colorado, et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2182, is VACATED; it is further

**ORDERED** that motions for summary judgment in *State of Colorado, et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2182, shall initially be limited to the federal law claims included in that action; it is further

**ORDERED** that motions for summary judgment in *State of Colorado, et al. v. Barr Pharmaceuticals, Inc.*, Civil Action No. 05-2182, and the Direct Purchaser Actions shall be filed according to the following common schedule:

(1) Motions for Summary Judgment shall be filed on or before November 14, 2007;

(2) Oppositions to Motions for Summary Judgment shall be filed on or before December 12, 2007;

(3) Replies in Support of Motions for Summary Judgment shall be filed on or before January 4, 2008.

It is further

**ORDERED** that, as discussed during the September 7, 2007 Status Conference in the Direct Purchaser Actions, to the extent that the parties' motions for summary judgment involve common issues of law and fact, the parties are required to file a single set of briefs addressing such issues. The parties shall supplement that common briefing with any additional issues of law and facts specific to their individual actions; however, the Court shall not consider four sets of duplicative briefs.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge