**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STATE OF COLORADO, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-2182-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |
| MEIJER, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-2195-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |
| WALGREEN CO., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:06-cv-494-CKK |
| WARNER CHILCOTT HOLDINGS COMPANY III, LTD., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| CVS PHARMACY, INC., *et al.*,           ) | |
|                                         ) | |
|   Plaintiffs,                           ) | |
|                                         ) | |
|   v.                                    ) | Civil Action No. 1:06-cv-795-CKK |
|                                         ) | |
| WARNER CHILCOTT HOLDINGS COMPANY        ) | |
| III, LTD., *et al.*,                    ) | |
|                                         ) | |
|   Defendants.                           ) | |
|                                         ) | |
| _____ ) | |

### PLAINTIFF STATES' AND DIRECT PURCHASER PLAINTIFFS' JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO BARR'S MOTION TO STRIKE

Defendant Barr Pharmaceuticals, Inc.'s ("Barr's") December 21, 2007 motion to strike Plaintiff States' and Direct Purchaser Plaintiffs' memoranda in opposition to Barr's motion for summary judgment should be denied.

First, the Court did not order Direct Purchaser Plaintiffs and Plaintiff States to file a single memorandum in opposition to Barr's motion. As Plaintiffs understand the Court's October 1, 2007 Order, the Order is limited to the memoranda filed in support of the parties' summary judgment motions and does not include the memoranda filed in opposition to those motions. Moreover, it is unlikely that the Court would have ordered all Plaintiffs to file a single opposing brief, given that at the time of the Order Barr had not even indicated the grounds on which it intended to seek summary judgment. Notwithstanding their interpretation of the Order, Plaintiffs in fact made every effort to file a single memorandum in opposition to Barr's motion, but were not able to do so. Direct Purchaser Plaintiffs (i.e., Plaintiffs in the *Meijer*, *Walgreen* and *Rite Aid* cases) filed a single, consolidated brief, and all Plaintiffs filed a single consolidated response to Barr's L. Civ. R. 56.1 Statement of Facts, as well as a consolidated Appendix of Exhibits.

Second, the two briefs submitted in opposition to Barr's motion do not unreasonably burden Barr or the Court. Direct Purchaser Plaintiffs and Plaintiff States are in complete agreement as to the disposition of Barr's motion—it should be denied promptly—but reached that result by slightly different routes. With respect to the application of the *per se* rule, the parties' positions are substantively identical, but Plaintiff States preferred to summarize the affirmative arguments previously made in Plaintiffs' own motion for summary judgment and to submit a shorter version of the responsive arguments in Direct Purchaser Plaintiffs' brief.[1] With respect to Barr's arguments concerning the rule of reason, Direct Purchaser Plaintiffs and Plaintiff States have taken slightly different approaches from the inception of the case—approaches that are reflected in their pleadings, expert reports, and now in their responses to Barr's motion. And with respect to a final set of issues, principally Barr's standing arguments, the issues are relevant to only one group of Plaintiffs and are addressed only in that group's responsive brief.

Plaintiffs recognize that the Court likely would have preferred a single opposing brief, and, as noted above, made every effort to provide one. They were not able to do so at this late date in the litigation. This is not surprising given that the two sets of cases are only loosely coordinated for discovery purposes and have not been consolidated for summary judgment purposes or for trial. That is, this is not a case in which the two groups litigated the case together, shared common experts, or had previously filed common briefs stating a common position. On the contrary, the two sets of cases have been litigated on separate tracks, with separate deadlines, separate expert reports and expert depositions, and the expectation of separate trials. In light of the history of these cases and the somewhat different theories and interests of the two Plaintiff groups,

---

[1] These sections of the brief were drafted jointly, and the Court will note substantial similarity in the headings and text of those sections.

a consolidated response to Barr's summary judgment motion would have been unduly cumbersome, requiring caveats and disclaimers in order to separate the arguments and positions of the two groups. Plaintiffs respectfully contend that the result would have increased rather than decreased the effort required by the Court.

Barr's motion to strike should be denied. As noted in the motion, Plaintiffs do not oppose Barr's request for additional pages and additional time to submit a reply in support of its motion.

Respectfully submitted,

/s/ Devin M. Laiho
Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
State of Colorado
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: (303) 866-5079

Elinor R. Hoffmann
Margaret D. Martin
Assistant Attorneys General
Antitrust Bureau
New York State Office of the Attorney
    General
120 Broadway, 26th Floor
New York, New York 10271
Telephone: (212) 416-8288

*Lead Counsel for the Plaintiff States*

/s/ Scott E. Perwin
Scott E. Perwin
Lauren C. Ravkind
KENNY NACHWALTER P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000

*Counsel for Walgreen Plaintiffs*

/s/ Steve D. Shadowen
Steve D. Shadowen
Monica L. Rebuck
HANGLEY ARONCHICK SEGAL
    & PUDLIN
30 North Third Street, Suite 700
Harrisburg, Pennsylvania 17101
Telephone: (717) 364-1010

*Counsel for Plaintiffs Rite Aid Corp. and Rite Aid Hdqtrs. Corp.*

/s/ Linda P. Nussbaum
Linda P. Nussbaum (D.C. Bar No. 483254)
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, New York 10022
Telephone: (212) 687-1980

William Isaacson (D.C. Bar No. 414788)
Tanya Chutkan (D.C. Bar No. 420478)
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727

Richard B. Drubel (D.C. Bar No. 334359)
Kimberly H. Schultz
BOIES SCHILLER & FLEXNER LLP
26 South Main Street
Hanover, New Hampshire 03755
Telephone: (603) 643-9090

Daniel Berger
Eric L. Cramer
Peter Kohn
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000

Bruce E. Gerstein
Kevin S. Landau
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, New York 10011
Telephone: (212) 398-0055

Dianne M. Nast
RODA NAST P.C.
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000

>
> Thomas M. Sobol
> David S. Nalven
> HAGENS BERMAN SOBOL
>       & SHAPIRO LLP
> One Main Street, 4th Floor
> Cambridge, MA 02142
> Telephone: (617) 482-3700
>
> *Executive Committee for the Direct Purchaser Class*

318771.1